Sidney Souza
vs.
United Electric Rwys. Co.

No.67306

RESCRIPT

January 19, 1927

CAPOTOSTO, J. The plaintiff in an action for negligence received a verdict of $1000.

The plaintiff moves that a new trial be granted on the matter of damages alone for the reason that "the liability of the defendant having been established, the sum awarded in damages is entirely inadequate."

The defendant also moves for a new trial, claiming that the verdict on the question of liability is not supported by the evidence and that the damages are unwarranted.

The plaintiff was seriously and permanently injured as a result of a collision between a two-horse coal wagon driven by the plaintiff and an electric car of the defendant company. The accident occurred at the corner of Abbie street and Warren avenue in the town of East Providence, shortly after dark in the evening of October 29, 1924. Abbie street, which is little more than a mere platted street, opens into Warren avenue from the north. The street railway tracks are within 12 feet of the border line on the northerly side of Warren avenue.

The plaintiff claims that he had approached the car tracks with due precaution, such as looking and listening for an approaching car; that he had seen none, although he had an unobstructed view for quite a few hun-

dred feet; that he was driving diagonally across the tracks in the direction of Providence; that his horses were completely and wagon almost entirely out into the travelled portion of Warren avenue when the left front portion of an inbound car of the defendant company, travelling at a high rate of speed, struck the right rear corner of the wagon, threw horses and driver and driver's helper under the front of the car, killed one horse and seriously injured the plaintiff.

The defendant's claim is that when the car of the defendant was close to the corner of Abbie street, the motorman saw the two horses within 15 or 20 feet of the rails, approaching the tracks at a jog; that he immediately used every reasonable means at his command to stop the car, but that in spite of his efforts the right front corner of the electric car struck the left front wheel of the wagon.

After the accident the body of the wagon was found on some vacant land to the north of the electric car and on the side opposite to the railway tracks from the travelled portion of Warren avenue where the plaintiff claims to have been immediately before the accident.

The plaintiff in arguing the motion for a new trial on the question of damages only asserted with apparent convict that under all the evidence "no jury would be warranted in finding a verdict for the defendant" on the question of liability. Counsel for the defendant in asking for a new trial both as to liability and damages just as strenuously claimed that considering the oral testimony in the light of physical facts it was "inconceivable that fair-minded men would decide for the plaintiff."

The Court, having in mind its own experience in the past in forecasting a jury's finding, prefers to express no opinion upon this point. As both parties are desirous to submit the issue in whole or in part to another jury,

the ends of justice are best served by having another jury pass upon the question of liability as well as upon the question of damages.

Plaintiff's motion for a new trial as prayed for is denied.

Defendant's motion for a new trial both as to liability and damages is granted.

For Plaintiff: Francis E. Sullivan.

For Defendant: Clifford Whipple and Alonzo R. Williams.